## IN THE UNITED STATES DISTRICT
## FOR THE DISTRICT OF MARYLAND

**ODA WENDT**                                       *
**9208 Jackson Street**                             *
**Philadelphia, PA 19114**                          *
                                                    *
      **Plaintiff,**  *
                                                    *
**v.**                                              *
                                                    *   **Case No:**
**THE TOWN OF OCEAN CITY**                          *
**Serve on:  GUY R. AYRES, III**                    *
**301 Baltimore Ave**                               *
**Ocean City MD 21842**                             *
                                                    *
**and**                                             *
                                                    *
**MAYOR AND CITY COUNCIL**                          *
**OF OCEAN CITY**                                   *
**Serve on:  RICHARD MEEHAN**                       *
**6200 Coastal Highway**                            *
**Ocean City, MD 21842**                            *
                                                    *
    **Defendants**               *

## COMPLAINT and
## DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff Oda Wendt, by and through Lawrence S. Greenberg, Esquire and

the Greenberg Law Office, and files suit against Defendants The Town of Ocean City and Mayor

and City Council of Ocean City and for causes of action further allege as follows:

### PARTIES

1.      Plaintiff is an individual residing at 9208 Jackson Street, Philadelphia, in the State of

Pennsylvania.

2.      The Defendant Town of Ocean City (hereinafter "the Town") is a municipal corporation

and political subdivision of the State of Maryland, located in the County of Worcester, State of

Maryland.

3.     The Defendant Mayor and City Council of Ocean City (hereinafter "the Council") is the governing agency of the municipal corporation and political subdivision of the State of Maryland, located in the County of Worcester, State of Maryland.

### VENUE

4.     Venue is proper in this Court because of diversity of citizenship, 28 U.S.C. § 1332.

5.     Venue is proper in this Court because the amount in controversy exceeds the sum or value of $75,000.

### FACTS

6.     On June 16, 2012, the Plaintiff and her family began their first time vacation in Ocean City, Maryland.

7.     That prior to June 16, 2012, the Plaintiff needed the assistance of a wheelchair for mobility outside.

8.     On June 16, 2012, at approximately 7:50 P.M., the Plaintiff and her family left their condominium to visit the Ocean City Boardwalk and the Plaintiff was being pushed in her wheelchair by her daughter, Astrid Seiger.

9.     After visiting the Boardwalk, the Plaintiff was going back to her condominium from the east side of Philadelphia Avenue to the west side of Philadelphia Avenue, at its intersection with Worcester Street.

10.     As Ms. Seiger was pushing the wheelchair up onto the handicap section of the sidewalk on the northwest corner of Worcester Street and Philadelphia Avenue, the front wheel of the wheelchair struck a piece of the hard rubber warning mat partially attached to the ramp.  This motion caused the wheelchair to stop suddenly, causing the Plaintiff to fall out of the wheelchair and sustain an open fracture to her left arm.

11.     At the time of the incident, the wheelchair accessible ramp warning mat had worn rubber

torn off around the center and right of the ramp.  The rubber mat was not flat and uniform as

required by the ADA, Maryland Department of Transportation State Highway Administration,

Maryland Accessibility Code, the Code of Maryland Regulations and the Ocean City Code.

12.     The defect or unsafe condition of the mat and ramp was such that it could or should have

been discovered by the exercise of ordinary care by the Defendants.

13.     At the time of the occurrence, Plaintiff was lawfully on the property of the Defendants,

and was therefore an invitee on Defendants' premises.

14.     Defendants were the owners, managers and/or supervisors of the property, and

consequently owed the Plaintiff a duty to use reasonable care to maintain the premises safely,

and to protect her against an unreasonable risk, which she, by exercising ordinary care, could not

discover.

15.     Defendants had actual or constructive notice of the unsafe condition of the sidewalk.

16.     Plaintiff sustained serious and severe injuries, solely as a result of the unsafe condition of

the sidewalk.  Plaintiff has incurred damages, including costs of medical treatment, pain,

inconvenience, embarrassment, mental anguish and lost wages.

17.     In compliance with the Maryland Tort Claims Act, Plaintiffs' Notice of Personal Injury

Claim (attached as Exhibit A) was timely sent by certified mail, return receipt requested, to the

Maryland State Treasurer's office on October 31, 2014, Plaintiff received a response to this

claim denying that the State was responsible for the Claim, but rather designated the Defendants

as the appropriate parties.

18.     In Compliance with the Local Government Tort Claims Act, Plaintiffs' Notice of

Personal Injury Claim (attached as Exhibit B) was timely sent by certified mail, return receipt

requested, to the Defendants on October 31, 2014. Plaintiffs did not receive a response.

## COUNT I
### (NEGLIGENCE)

19.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

20.     The unsafe condition of the sidewalk occurred as a result of, and was proximately caused

by, the negligent conduct of the Defendants and/or their agents, servants and/or employees by:

a.      Failing to properly supervise the area in question so as to furnish to Plaintiff a

safe walkway free from hazards which were recognized, or should have been recognized, by

Defendants as causing, or likely to cause, the serious physical harm to the Plaintiff and others;

b.      Failing to maintain the aforementioned walkway in a safe condition to insure that

Plaintiff would not be caused to slip and fall as a result of the unsafe condition of the floor which

existed and which was known, or should have been known, to Defendants;

c.      Failing to properly inspect the walkway where Plaintiff was caused to fall as a

result of the unsafe condition;

d.      Failing to warn Plaintiff of the dangerous, defective and unsafe condition of the

walkway;

e.      Failing to maintain the premises owned by Defendants in good and safe condition

for Plaintiff and others;

f.      Failing otherwise to comply with the applicable laws and regulations of Ocean

City, Maryland, the State of Maryland and the applicable Federal laws and regulations;

g.     Otherwise failing to exercise the degree of care required under the circumstances; and

h.     Otherwise being negligent.

21.     Plaintiff's injuries occurred without any negligence of the Plaintiff contributing thereto.

22.     As a result of the aforesaid conduct and breach of care of the Defendants, the Plaintiff sustained serious and permanent injuries, losses and damages.

23.     As a direct and proximate result of the negligence of the Defendants, Plaintiff was required to receive ongoing medical treatment and rehabilitative care.

24.     As a direct and proximate result of the Defendants negligence, Plaintiff has suffered physical pain, mental anguish, lost wages, loss of enjoyment in participating in her normal daily and physical activities all through no fault on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff demands judgment against the Defendant in the fair and just amount of $750,000 (SEVEN HUNDRED FIFTY FIVE THOUSAND DOLLARS) plus pre and post judgment interest, costs and attorneys fees, and for such other and further relief as deemed just, necessary, and proper.

## COUNT II
## (STRICT LIABILITY)

25.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

26.     At all times relevant, the Defendants were required to comply with the laws of Ocean City and Maryland.  These laws include the Code of Maryland Regulations (COMAR).

27.     These laws/statutes/regulations, as well as other appropriate codes, require that a local government has a duty to repair or warn about defects or other unsafe conditions in its public sidewalks, walkways, streets and highways which it knows or should know to exist.

28.     That the Plaintiff is a member of a class of persons intended to be protected by the codes and/or applicable statutes as referenced in this Complaint and as will be further alleged in discovery.

29.     That the Plaintiff's injuries were the type the codes and/or applicable statutes as referenced in this Complaint were intended to protect against.

30.     That in spite of the requirements that the Defendants comply with the codes and/or applicable statutes, the Defendants breached the aforesaid statutory duties and violated the codes and/or applicable statutes as referenced in this Complaint.

31.     As a direct and proximate result of the Defendants' negligence per se, Plaintiff has suffered physical pain, mental anguish, lost wages, loss of enjoyment in participating in her normal daily and physical activities all through no fault on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiff demands judgment against the Defendant in the fair and just amount of $750,000 (SEVEN HUNDRED FIFTY FIVE THOUSAND DOLLARS) plus pre and post judgment interest, costs and attorneys fees, and for such other and further relief as deemed just, necessary, and proper.

## COUNT III
## (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT )

32.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

33.     The Americans with Disabilities Act (ADA), 42 U.S.C.S. § 12131 et seq., expressly provides that the remedies, procedures, and rights available under the Rehabilitation Act, 29 U.S.C.S. § 794, also apply to the ADA, and thus jurisprudence interpreting either statute is applicable to both.

34.    The ADA, 42 U.S.C.S. § 12131 et seq., unambiguously mandates the modification of

certain new, altered, and pre-ADA physical infrastructures to the extent they "effectively deny"

individuals with disabilities from "meaningful access" to city services, programs, and activities.

35.    A public entity is any state or local government or any department, agency, special

purpose district, or other instrumentality of a state or states or local government. 42 U.S.C.S. §

12131.

36.    Title II of the ADA, 42 U.S.C.S. § 12131 et seq., applies to public entities. It provides

that no qualified individual with a disability shall, by reason of such disability, be excluded from

participation in or be denied the benefits of the services, programs, or activities of a public

entity, or be subjected to discrimination by any such entity. 42 U.S.C.S. § 12132.

37.    Plaintiff, by virtue of her physical disabilities, has a qualifying disability.

38.    By failing to properly construct, maintain and repair the sidewalk, Plaintiff was denied

the benefits of services, programs, or activities for which the Defendant is responsible, or was

otherwise discriminated against by the Defendants; and that such discrimination is by reason of

her disability.

39.    As a direct and proximate result of the Defendants' negligence per se, Plaintiff has

suffered physical pain, mental anguish, lost wages, loss of enjoyment in participating in her

normal daily and physical activities all through no fault on the part of the Plaintiff contributing

thereto.

WHEREFORE, Plaintiff demands judgment against the Defendant in the fair and just

amount of $750,000 (SEVEN HUNDRED FIFTY FIVE THOUSAND DOLLARS) plus pre and

post judgment interest, costs and attorneys fees, and for such other and further relief as deemed

just, necessary, and proper.

## PRAYER FOR JURY TRIAL

Plaintiff prays a jury trial on all issues herein.

Respectfully submitted,

GREENBERG LAW OFFICE

LAWRENCE S. GREENBERG
6 E. Biddle Street
Baltimore, Maryland 21202
410-539-5250
410-625-7891 (fax)
Larry@greenberglawyers.com
Attorney for the Plaintiff
Federal Bar #23642

8